IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE STRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv−0417−SMY |
| | ) |
| REED and | ) |
| JEANNE CAMPANELLA | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff DeAndre Strong, an inmate in Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Vienna Correctional Center. Plaintiff requests punitive damages as well as costs and fees. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. This action is subject to summary dismissal.

### **The Complaint**

On September 30, 2016 at 10:30 pm, Plaintiff was in his assigned cell talking and joking with his cellmate when inmate Shawn Bowens came into his cell and attacked him. (Doc. 1, p. 5). Bowens hit and kneed Plaintiff in the face. *Id.* He then told Plaintiff's roommate to get out and told Plaintiff that he'd be right back. *Id.* After they both left, Plaintiff locked the door to his cell. *Id.* Bowens came back and demanded that Plaintiff open the door and Plaintiff refused. *Id.*

The shift changed at approximately 11:00 pm. *Id.* At 4:30 am, Plaintiff reported the assault to the female correctional officer. *Id.* Plaintiff was placed on investigative status and sent to the health care unit for his injuries. *Id.* Bowens was eventually found guilty of the assault and transferred to Shawnee Correctional Center. (Doc. 1, p. 10).

Plaintiff alleges that Defendant Reed was the officer on duty at the time of the assault, and that Reed failed to do his assigned walk through. (Doc. 1, p. 5). He further alleges that if Reed had done the check as he was supposed to, he could have prevented the attack on Plaintiff or intervened to stop it. (Doc. 1, p. 6).

2

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 1 count. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1** – Officer Reed was deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment when he failed to conduct his assigned rounds.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834.

In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, a defendant had to know that there was a substantial risk that those who attacked a plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). It is well established that a failure to make rounds, standing alone, is insufficient to establish that a guard was deliberately indifferent to a specific risk of harm. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 679-80 (7th Cir. 2012) (upholding grant of summary judgment where there was a legitimate dispute about whether guards had conducted rounds but no evidence that

3

the guards were subjectively aware that the inmate might engage in the compulsive water drinking lead to his death); *State Bank of St. Charles v. Camic*, 712 F.2d 1140. 1146 (7th Cir. 1983) (even if defendant police officers disregarded established procedures, such as conducting hourly checks of detainees, deliberate indifference was not shown in absence of evidence that defendants were actually aware that detainee who killed himself was a suicide risk).

Here, Plaintiff asserts that Reed failed to make rounds, but he has not alleged that Reed had any knowledge that the failure to make rounds placed Plaintiff at a greater risk of harm. He has not alleged that Bowens threatened him prior to the attack or that he reported any such threats to Reed. He has provided no facts to suggest that Reed knew that Bowens planned to attack Plaintiff. In the absence of any prior knowledge of a specific, credible threat to Plaintiff, Reed cannot be held liable for deliberate indifference under the relevant circumstances.

Plaintiff also named Jeanne Campenlla as a defendant in the case caption. However, he did not make any specific allegations against her in the body of the Complaint. Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, are required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and can properly answer the complaint. S*ee Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Additionally, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a

4

potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Further, if Plaintiff was attempting to pursue a respondeat superior theory of liability against Campenalla based on her position as the Warden of Vienna, that claim is also foreclosed. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Accordingly, Campenalla will be dismissed from this action without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**T IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his deliberate indifference claim, within 28 days of the entry of this order (on or before July 18, 2017). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of

this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: June 17, 2017**

　　　　　　　　　　　　　　　　　　　　　　　　　　s/STACI M. YANDLE
　　　　　　　　　　　　　　　　　　　　　　　　　　**U.S. District Judge**